CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 17 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 3:05cr00028 |
|---|---|
| v. | ORDER AND OPINION |
| BARBARA CORBY MARTIN, *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion to dismiss, filed on August 17, 2006. This motion is hereby DENIED. Defendant moves to dismiss either Count I (18 U.S.C. § 844(i)) or Count II (18 U.S.C. § 844(h)) on the grounds that punishment for these counts, in combination with Count III (18 U.S.C. § 1341) violates the Double Jeopardy Clause.

Defendant cites *United States v. Corona*, 108 F.3d 565 (5th Cir.1997), in support of this argument. *Corona*, however, dealt with a situation where defendants were convicted of arson, conspiracy to commit arson, and using fire to commit conspiracy to commit arson. The Fifth Circuit later found such double jeopardy concerns inapplicable where the defendants were charged with arson, conspiracy to commit arson and mail fraud, and the use of fire to commit mail fraud and in furtherance of the conspiracy to commit arson and mail fraud. *United States v. Smith*, 354 F.3d 390, 399 (5th Cir. 2003). Because the government would have to prove an additional fact in the 'use of fire' count that was not an element of the other crimes, the court found no doble jeopardy violation. *Id.* Similarly, in this case, each of the charges requires proof

of an element not present in the others. Given this rationale, the limited reach of *Corona*, and the lack of other support for Defendant's argument, her motion must therefore be denied.

It is so ORDERED.

The Clerk is directed to mail a copy of this order to all counsel of record.

ENTERED: _____
United States District Judge

August 17, 2006
Date